UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:08CR0072 SNLJ (AGF) |
| ANDRENE THOMAS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pretrial motion filed by Defendant, Andrene Thomas. Pretrial matters were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). Defendant filed a motion to dismiss the indictment, and a motion for production of grand jury transcripts. (Doc. Nos. 21 & 22). A hearing was held on August 19, 2009. The government was represented by Assistant United States Attorney Frederick J. Dana, and Defendant was represented by her attorney, Federal Public Defender Lee Lawless.[1] Defendant had previously filed a motion to compel discovery or to dismiss (Doc. No. 16), but acknowledged at the hearing that the motion was moot.

---

[1] At Defendant's request, she was permitted to attend the hearing by telephone conference call, with her counsel present in the courtroom. The Court granted Defendant's request because Defendant resides out of state, and based on the parties' representation that there would be no testimony at the hearing, and that it would consist only of the arguments of counsel.

## CONCLUSIONS OF LAW

A. <u>**Motion to Dismiss the Indictment**</u>

Defendant is charged in a one-count indictment with marriage fraud, in violation of 8 U.S.C. § 1325(c).[2] Specifically, the indictment alleges:

> On or about September 8, 2006, in the Eastern District of Missouri, ANDRENE THOMAS, the defendant herein, did knowingly enter into a marriage for the purpose of evading a provision of the immigration laws of the United States, that is, she married to obtain status as a permanent resident alien when she was not eligible for such status.
>
> In violation of, and punishable under, Title 8, United States Code, Section 1325(c).

Doc. No. 1.

Defendant filed a motion to dismiss the indictment. Apart from two grounds raised in paragraphs 2 and 5, Defendant filed essentially a form motion, charging that the indictment is "vague, uncertain, indefinite, multiplicitous and duplicitous"; that it does not contain a plain, concise, and definite statement of the essential facts constituting the offense charged; that it was returned by a grand jury which did not have adequate evidence; that it was not based on sufficient competent evidence; and that it is based on laws that are illegal, void, and unconstitutional as applied to Defendant.

At the hearing, and in her motion, Defendant raised only two grounds with any

---

[2] 8 U.S.C. §1325(c) provides:

Any individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws shall be imprisoned for not more than 5 years, or fined not more than $250,000, or both.

specificity. She alleged that the indictment fails to set forth the essential elements of the offense, inasmuch as it fails to allege that Defendant "knew or had reason to know that their conduct was unlawful." Defendant also alleged that the "preventative function" of the grand jury proceedings were circumvented by the failure to present to the grand jury "information that the sole government factual witness was employed in an Army National Guard Office that was subject to investigation for recruitment fraud." The Court does not find any of these arguments to be persuasive.

    1. <u>Boilerplate Assertions</u>

To be legally sufficient on its face, an indictment must contain the elements of the offense charged and fairly inform the defendant of the charges against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a conviction or an acquittal as a bar to a subsequent prosecution. United States Const. Amends. V and VI; Fed.R.Crim.P. 7(c); <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974); <u>United States v. White</u>, 241 F.3d 1015, 1021 (8th Cir. 2001); <u>United States v. Wessels</u>, 12 F.3d 746, 750 (8th Cir. 1993). "Usage of a particular word or phrase in the indictment is not required as long as [the court] can recognize a valid offense and the form of the allegation 'substantially states the elements.'" <u>White</u>, 241 F.3d at 1021 (quoting <u>United States v. Mallen</u>, 843 F.2d 1096, 1102 (8th Cir. 1988)). An indictment will be found insufficient "only if an 'essential element of substance' is omitted." <u>Id.</u>

Here the indictment clearly and simply alleges that on or about September 8, 2006, Defendant "did knowingly enter into a marriage for the purpose of evading a provision of

3

the immigration laws of the United States, that is, she married to obtain status as a permanent resident alien when she was not eligible for said status." In light of the language of the indictment, Defendant's arguments that the indictment is vague, indefinite, multiplicitous, and duplicitous simply have no basis. Likewise, the indictment fairly advises Defendant of the nature of the charge and provides her with sufficient information to allow her to plead a conviction or an acquittal as a bar to a subsequent prosecution.

Defendant further alleges that the indictment was returned on the basis of insufficient and/or incompetent evidence presented to the grand jury, however, she does not specify the basis for this assertion and made no argument regarding this assertion at the hearing. An indictment valid on its face is immune from attack by a claim that there was insufficient competent evidence presented to the grand jury. Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for a trial of the charge on its merits. The Fifth Amendment requires nothing more."). An indictment may also be based in whole or in part on hearsay evidence. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959); United States v. Bednar, 728 F.2d 1043, 1049 (8th Cir. 1984). As such, the Court rejects these boilerplate assertions by Defendant.

   2. Adequacy of the Allegations

As stated above, the indictment in the instant case is a plain, concise, and definite statement of the essential facts constituting the offenses charged and complies in all

respects with Rule 7(c) of the Federal Rules of Criminal Procedure. The indictment also precisely tracks the underlying statute and its definitions and, therefore, is sufficient. See United States v. Williams, 923 F.2d 76, 77 (8th Cir. 1991); O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (holding that to establish jurisdictional defect, defendant must show that indictment "on its face fails to state an offense"). In general, more specific language than is found in the underlying statute is not required for an indictment to be legally sufficient. United States v. Resendiz-Ponce, 549 U.S. 102, 109 (2007); Hamling, 418 U.S. at 117. Moreover, the indictment specifies the approximate date of the alleged offense, as well as the factual basis for the charges, allowing Defendant to prepare a defense, including one based on double jeopardy. See Mallen, 843 F.2d at 1102-03.

Defendant asserts that the indictment is nonetheless deficient, relying on case law from other circuits which have adopted jury instructions that she asserts require the following three elements: (1) that the defendant knowingly married a United States citizen; (2) that the defendant entered into the marriage for the purpose of evading a provision of the United States Immigration laws; and (3) "that the defendant knew or had reason to know that their conduct was unlawful." See United States v. Darif, 446 F.3d 701 (7th Cir. 2006); United States v. Islam, 418 F.3d 1125 (10th Cir. 2005); United States v. Chowdhury, 169 F.3d 402 (6th Cir. 1999).[3] Defendant asserts that the indictment is

---

[3] These cases have not adopted identical expressions of this knowledge element. Darif adopted instructions describing the third element as, "the defendant knew or had

5

fatally deficient due to its failure to allege the third element listed by these cases.

As an initial matter, the Court notes that it is not at all clear that the Eighth Circuit would require proof of the third element (knowledge the conduct was unlawful) noted by Defendant. In cases where the Eighth Circuit reviewed convictions of marriage fraud for sufficiency of the evidence, the Court did not reference the specific knowledge requirement suggested by Defendant. In United States v. Anwar, 428 F.3d 1102 (8th Cir. 2005), the Court found the evidence sufficient to support a verdict of aiding and abetting marriage fraud where the defendant asked a woman named Reinier to marry a man named Bashir and Reinier agreed; at the time of the marriage, Reinier had no intention of living with Bashir as a spouse; Reinier's purpose was to allow Bashir to obtain a green card; the defendant inquired when Reinier would file Bashir's immigration paperwork and instructed her how to make the marriage appear legitimate; and the defendant advised Reinier that Bashir's immigration status would not be affected if she filed for no-fault divorce. Id. at 1109. Likewise, in United States v. Vickerage, 921 F.2d 143, 146-47 (8th Cir. 1990), the Eighth Circuit found the evidence sufficient to support a conviction under

---

reason to know that his conduct was unlawful." Darif, 446 F.3d at 709-10. The Sixth Circuit approved instructions with language that the defendant "knew or had reason to know of the relevant immigration laws." Chowdhury 169 F.3d at 406-07; accord, United States v. Miah, No. 98-1279, 182 F.3d 919 (table), 1999 WL 503471, at *2 (6th Cir. July 6, 1999). The Tenth Circuit, in Islam, used "knew or had reason to know of the immigration laws," and added, "The government need not prove that the defendant knew the specific immigration law he was evading, but rather need show only that the defendant acted with knowledge that his conduct was unlawful." Islam, 418 F.3d at 1129-30.

the predecessor statute to 8 U.S.C. § 1324(c), without referencing any evidence to support the knowledge requirement suggested by Defendant herein.

Nor is it a foregone conclusion that other circuits will adopt the approach of the Sixth Circuit in Chowdhury. As recently as February, 2009, the Ninth Circuit, after noting that it had "not addressed whether the Government must prove a defendant entered a marriage with knowledge that her conduct was unlawful to sustain a conviction under § 1325(c)," declined to do so in that case. United States v. Magee, 315 F. App'x 882, 884 (9th Cir. 2009).

Even if Defendant is correct that a proper jury instruction should require the government to prove and the jury to find that Defendant knew her conduct was unlawful, the absence of such express language in the indictment does not require dismissal of the indictment. In Resendiz-Ponce, the Ninth Circuit set aside the conviction of the defendant, a Mexican citizen, for illegally attempting to reenter the United States, on the ground that the indictment failed to allege a specific overt act, qualifying as a substantial step. The Supreme Court reversed, agreeing with the government's position that the indictment "implicitly alleged" the necessary overt act by alleging that he "attempted to enter the United States." Resendiz-Ponce, 549 U.S. at 107.

In other cases where the indictment tracked the language of the statute, courts have also refused to dismiss the indictment based on the failure to allege a state of mind element that would be required in the jury charge. In United States v. Oakie, 12 F.3d 1136 (8th Cir. 1993), the defendants were charged with using and carrying a firearm in

7

violation of 18 U.S.C. § 924(c). The defendants asserted that the indictment was deficient because it did not allege that the defendants acted "knowingly." The Eighth Circuit rejected the defendants' contention, holding that as the indictment cited to the relevant statute and tracked the language of the statute, it "therefore fairly imported the scienter requirement of § 924(c)." Id. at 1440; accord United States v. Donahue, 948 F.2d 438, 440-41 (8th Cir. 1991) (holding indictment for bank robbery not fatally defective where it failed to allege criminal intent).

Here the indictment alleges that Defendant, on a specific date, knowingly entered into a marriage to evade the immigration laws. Even if Defendant is correct as to the third element, the Court finds that here, like in Resendiz-Ponce, her knowledge of the laws or of the illegality of her conduct is sufficiently implicit in the language charging her with knowingly entering into the marriage for the purpose of evading the immigration laws. See United States v. Davis, 336 F.3d 920, 923-24 (9th Cir. 2003) (denying motion to dismiss indictment for escape from federal institution, where indictment failed to allege criminal intent, because indictment sufficiently tracked language of the statute and because term "escape" "carried with it an allegation that the escapee acted with the knowledge that he was leaving lawful custody without permission"); United States v. Gray, 260 F.3d 1267, 1283 (11th Cir. 2001) (holding an indictment charging a Hobbs Act robbery to be sufficient, despite the failure to specifically allege the *mens rea*, where the indictment contained enough factual detail to apprise the defendant of the charges); United States v. Yoon, 128 F.3d 515, 522 (7th Cir. 1997) (holding indictment for bank

8

fraud that alleged defendant knowingly engaged in a scheme to defraud the bank, was not subject to dismissal for failure separately to allege "intent to defraud"); United States v. Nieman, 265 F. Supp. 2d 1017, 1032 (N.D. Ia. 2003) (holding that "'intent to defraud'" is not a *separate* element, but is an element of proof encompassed in 'knowingly execut[ing], or attempt[ing] to execute, a scheme or artifice . . . to defraud"); United States v. Johnson, 225 F. Supp. 2d 1009, 1019 (N.D. Ia. 2002) (holding indictment charging murder while engaged in drug conspiracy was not deficient for failure to allege *mens rea* element regarding the underlying conspiracy).

Nor is the Court persuaded by Defendant's assertions that proceeding on the current indictment will raise barriers at trial. At the hearing, Defendant asserted that adding this element in the instructions would cause an impermissible variance, or that the government, in reliance on the indictment, could attempt to submit a verdict-directing instruction that may be incomplete, thereby permitting a conviction for conduct that does not constitute an offense. The Court fails to see how any further clarification of the proper *scienter* requirement would result in a variance. See Nieman, 265 F. Supp. 2d at 1032. And if, following the language of the indictment, the government submits an instruction that Defendant believes is deficient with regard to the *scienter* requirement, she will have ample opportunity at the time of trial to object.

    3. <u>Alleged Failure to Present Evidence to the Grand Jury</u>

Defendant's second argument – that the indictment is subject to dismissal based on the government's purported failure to present evidence that the government's factual

9

witness was employed in an office that was subject to investigation for recruitment fraud – is also without merit. Defendant has presented no factual basis, whatsoever, for any contention that any alleged investigation involved the grand jury witness or his testimony. Even if Defendant had shown such a connection, however, it still would not provide a basis for dismissal. The law is clear in this regard. Because the grand jury in not an adjudicative body, the prosecution has no duty to present exculpatory evidence, and the failure to present such evidence does not provide a basis for dismissal of an indictment. United States v. Williams, 504 U.S. 36, 50-52 (1992).

### B. Motion for Production of Grand Jury Transcripts

Defendant also filed a motion, under Rule 6(e) of the Federal Rules of Criminal Procedure, for an order permitting her to inspect and copy the transcripts or reports of the grand jury proceedings related to the indictment. Expanding slightly upon the second argument made in support of her motion to dismiss, Defendant asserted her belief that much of the evidence considered by the grand jury consisted of the testimony, on or about January 30, 2008, of Paul Sherod, who is employed as a Sergeant for an Army National Guard Recruiting Station in Florissant, Missouri. Although neither stated in her motion nor made entirely clear at the hearing, apparently Mr. Sherod is Defendant's ex-spouse. Defendant also alleged that at the time government agents were investigating the charges against Defendant, they were aware, on or about January 23, 2008, of an investigation by the Defense Criminal Investigation Service involving recruitment fraud at that National Guard office. Defendant provided no further information regarding the

alleged recruitment fraud investigation.

The disclosure of matters occurring before the grand jury is permitted only upon a showing of particularized need for such disclosure. Pittsburgh Plate Glass, 360 U.S. at 398-399; United States v. McDougal, 559 F.3d 837, 840 (8th Cir. 2009). That Defendant believes she knows the identity of a witness who testified before the grand jury – which belief may or may not be accurate – does nothing to undercut either the need for secrecy or the government's obligations with regard thereto. See McDougal, 559 F.3d at 839-40 (refusing to permit disclosure to the defendant of grand jury proceedings in which she was charged with criminal contempt, where the defendant asserted that the reasons for sealing the record had grown stale and disappeared).

Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure does provide an exception to the secrecy requirement, permitting a court to authorize the disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). The Eighth Circuit has recognized, however, even with respect to the exceptions, that "[a] request for disclosure that falls under one of these specified exceptions must also contain a 'showing of particularized need for grand jury materials' before disclosure becomes appropriate." McDougal, 559 F.3d at 840 (quoting United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983)); accord United States v. Faltico, 687 F.2d 273, 276 (8th Cir. 1982); Thomas v. United States, 597 F.2d 656, 657 (8th Cir. 1979) (citing cases).

Defendant has not shown a particularized need for the grand jury records requested here. Assuming that Mr. Sherod did testify before the grand jury, Defendant, as stated above, has failed to show, or even allege, any factual connection between any such testimony and the alleged investigation regarding the National Guard office. Moreover, even if Defendant had provided some basis to believe there was a connection between the alleged recruitment fraud investigation and any such grand jury testimony by Mr. Sherod, that still would not constitute a basis for dismissal of the indictment. See Williams, 504 U.S. at 50-52; United States v. Waldon, 363 F.3d 1103, 1109 (11th Cir. 2004) (finding no basis for dismissal of indictment despite assertion that government withheld exculpatory evidence from grand jury, combined with other errors, because government has no legal duty to disclose exculpatory evidence to the grand jury). As such, Defendant's assertions with respect to Mr. Sherod's purported testimony fail to provide a basis for Defendant's motion for disclosure. As the Eighth Circuit recognized in Thomas, "[s]uch 'fishing expeditions' do not provide sufficient grounds for disclosure." Thomas, 597 F.2d at 658.

Nor do Defendant's unsupported assertions of a need for the testimony to prepare for trial provide a basis for disclosure at this time. If Mr. Sherod testifies at trial, any prior testimony by him before the grand jury would constitute a statement required to be produced at the time of trial pursuant to the Jencks Act, 18 U.S.C. § 3500, upon appropriate request, insofar as it relates to the subject matter of his trial testimony. Production of such statements, however, cannot be compelled prior to trial. See Dennis

v. United States, 384 U.S. 855, 875 (1966). The government has already agreed to produce any Jencks materials the Friday before trial. Defendant has not shown a need for an earlier production.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss the Indictment [Doc. No. 21] be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion for Production of Grand Jury Transcripts [Doc. No. 22] be **denied**.

**IT IS HEREBY ORDERED**, as agreed by Defendant, that Defendant's Motion to Compel Discovery or to Dismiss [Doc. No. 16] is **denied as moot**.

The parties are advised that they have ten (10) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 31st day of August, 2009.